IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

DWIGHT NORMAN PERRY,           *
                               *     Civil Case No. AW-08-3468
v.                             *     Criminal Case No. AW-06-049
                               *
                               *
UNITED STATES OF AMERICA.     ******

## MEMORANDUM OPINION

Before the Court is a Motion/Petition by the Petitioner/Defendant, Dwight Norman Perry, for relief pursuant to 18 U.S.C. § 2255 which was filed in this Court on December 29, 2008. On August 28, 2007, and pursuant to a written plea agreement, Petitioner entered a guilty plea to (Count I) Conspiracy to Distribute and Possession with the Intent to Distribute 100 Kilograms or more of Marijuana, a Scheduled I controlled substance, in violation of 21 U.S.C. § 846. A presentence report was ordered. On November 21, 2007, the Court sentenced Petitioner to 97 months incarceration [which was the absolute low end of the sentencing guideline range for Petitioner]. Judgment was entered and became final on November 21, 2007. No appeal was filed by Petitioner.

In his instant Motion, Petitioner presents essentially five grounds that he contends entitle him to relief. **First**, Petitioner (obviously in recognition that his Petition/Motion was filed outside of the one year window for bringing claims under 18 U.S.C. § 2255) asserts that he is not procedurally barred. **Second**, Petitioner claims he was the victim of ineffective assistance by his trial counsel and cites several examples of what he believes was ineffective assistance of counsel. **Third**, Petitioner claims that the sentence imposed was unconstitutional and above the statutory maximum. **Fourth**, Petitioner argues that his extradition from Jamaica was unlawfully obtained. **Lastly**, Petitioner asserts that he is entitled to an evidentiary hearing. While the Court has reservations whether his stated

claims afford Petitioner any relief, the Court need go no further than addressing Petitioner's first point or [if you will] claim. The Court agrees with the Government and determines that Petitioner's 18 U.S.C. § 2255 Motion is time barred. The Court further determines that Petitioner has not presented a cogent nor legally sufficient basis for any extension or enlargement of the time by which his Motion was to be filed.

28 U.S.C § 2255 (f) provides: A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of–(1) the date on which the judgment of conviction become final; (2) the date on which the impediment to making a motion created by the government action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Preliminarily, it is abundantly clear that the instant Motion was not filed within the 1 year statute of Limitations. Petitioner was sentenced and the Judgment was entered on November 21, 2007. Petitioner filed no appeal. The conviction and judgment, therefore became final on November 21, 2007. To have complied with section 28 U.S.C § 2255 (f) (1), Petitioner would have had to file his Motion within 1 year of November 21, 2007 or by November 21, 2008. Petitioner's present Motion was filed on December 29, 2008–some 38 days after the 1 year period of limitations had elapsed. On December 1, 2008, Petitioner filed a Petition for Extension of Time to File Petition

pursuant to 28 U.S.C § 2255. In this Petition/Request for extension [which request itself also was filed beyond the 1 year period of limitations] , Petitioner sets forth what, the Court gathers, is his attempt to establish that the delay in this case was caused by impediment created by the Government and which, Petitioner claims, prevented Petitioner from filing a timely Motion.

In his Petition for Extension, Petitioner claims that he was subjected to "numerous transportation", and that he had experienced delays in obtaining documents needed to pursue his collateral attack. He also indicates in his Petition for Extension that a fellow inmate assisting Petitioner had been recently obstructed from assisting him from October 16 through November 20, 2008. Petitioner further claims in his Petition that he did not have the forms needed to file the § 2255 Motion and that the institution where he was then confined did not provide any forms. An affidavit by a fellow inmate who purportedly was to assist Petitioner in drafting his Motion accompanies the Petition for Extension. The affiant indicates, *inter alia*, in very conclusory and general terms "that he was obstructed/prevented from assisting Petitioner from October 16 through November 20, 2008 through no fault of his own......that the delays and impediments were not caused by actions of Petitioner or the undersigned, but rather by either government or by actions of the institution; this institution does not provide the forms for 2255 motions."

Apparently recognizing that his § 2255 Motion is untimely, Petitioner appears to be arguing for the application of subsection 2 of § 2255 (f) which some courts refer to as statutory tolling. In order to obtain relief under § 2255 (f) (2) Petitioner must show that the Government imposed impediments in violation of the Constitution or laws of the United States. *See, Shannon v. Newland*, 410 F.3d 1083 n 4 (9th Cir.2005). Conclusory or bald allegations that the Government prevented a petitioner from timely filing a § 2255 Motion is not enough. A petitioner must set forth specific

information to show how the government violated a petitioner's constitutional or statutory rights by preventing the petitioner from filing a motion within the 1 year statutory period of limitations. Absent sufficient demonstration by a petitioner of some cognizable governmental impediment which reaches a constitutional dimension, a petition filed outside of the period of limitations is barred.

Here, petitioner points to "numerous transportations", delays in obtaining documents, and a two month obstruction experienced by a fellow-inmate who was to assist Petitioner in filing his § 2255 Motion. Petitioner also claims that the institution where he was currently confined did not provide forms for filing § 2255 Motions. Both Petitioner and the fellow-inmate then assert in general terms that Petitioner was obstructed/prevented from filing the Motion by either Government or actions by the institution. Absent from the record is any specific information with respect to what Petitioner meant by "numerous transportations", the nature of what documents were sought, the nature of and reason(s) for the delays in obtaining documents, and the specific causation or basis as to why Petitioner was prevented from filing at some point during the 1 year period of limitations. While Petitioner asserts that the institution he was housed in at the time he filed his Request for Extension did not have forms for filing § 2255 Motions, Petitioner does not address whether he was confined at some point during the course of the 1 year period in institutions which had such forms. Finally, there is no information as to what, if anything, prevented the fellow-inmate [who says he was obstructed/prevented from assisting Petitioner for two months through no fault of his own] from assisting Petitioner in filing his Motion at some point during the other 10 months of the period of limitations. And so the Court is left to speculate.

As the Government astutely points out, multiple transfers, general allegations of lack of access to a law library or lack of access to legal assistance which has not been shown to have constitutionally

prevented the filing of a claim, and other mere conclusory allegations regarding governmental impediment, are insufficient to toll the limitations period under subsection 2 of § 2255 (f). *See, United States v. Wample,* 2008 WL 565108 (W.D. Va 2008) and the cases cited therein; *Felix Robles-Vargas v. United States* 2008 WL 755895 (S.D.Cal. 2008); and *United States v. Freeman* 2008 WL 2051759 (W.D. La. 2008).

In enacting the Antiterrorism and Effective Death Penalty Act (AEDPA), Congress placed a 1 year limitation on the time upon which one can bring a § 2255 action (see, 28 U.S.C § 2255 (f)... the limitation period shall run from the latest of–(1) the date on which the judgment of conviction become final). Absent some exception or other equitable reasons to toll the requirements of the statute, this 1 year limitation period is mandatory and must be complied with. Individuals seeking relief under 28 U.S.C § 2255 must act with vigilance in preparing and timely filing their motions to vacate. In this case, Petitioner posits that 28 U.S.C § 2255 (f) [exception (2)]... the date on which the impediment to making a motion created by the government action in violation of the Constitution or Laws of the United States is removed, if the movant was prevented from making a motion by such governmental action, applies. Specifically, Petitioner contends that because of government impediment, the November 21, 2008 deadline was tolled so as to permit the December 29, 2008 filing of this instant Motion. Petitioner does not claim nor does the record support the applicability of any additional statutory or other exceptions.

Having reviewed the current pleadings, including the Motion and the Petition to Extend (which itself was filed after the expiration of the 1 year period of limitations), the Court concludes that Petitioner has failed to set forth or present any specific reasons or any constitutional impediment caused by the Government which would entitle Petition to a toll of the period of limitations.

Petitioner merely points to general, vague, non-specific matters which, he claims, prevented him from timely filing his motion. Petitioner then offers conclusory remarks concerning government impediment. The Court does not believe that the reasons Petitioner has presented are sufficient to fall within the meaning of 28 U.S.C § 2255 (f) [exception (2)]. Accordingly, the Court will deny the Petition to Extend.

In sum, the Court finds that Petitioner's § 2255 Motion to Vacate is time barred and that the Court is without jurisdiction to entertain this untimely Motion. Therefore, Petitioner's Motion pursuant to § 2255 is DISMISSED as untimely filed. A separate Order will be issued.

Dated: June 18, 2009

/s/ Alexander Williams, Jr.
Alexander Williams, Jr.
United States District Judge